IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

FILED
2011 DEC -8 PM 3:49

CLERK
SO. DIST. OF GA.

DEMARS CROWELL,

    Plaintiff,

v.

GENA JACKSON; TROY COTHERN;
CYNTHIA MONROE; and
DEBORAH MOORE,

    Defendants.

CIVIL ACTION NO.: CV511-021

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Macon State Prison in Oglethorpe, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement while he was housed at the Coffee Correctional Facility in Nicholls, Georgia. Defendants filed a Motion for Summary Judgment. Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendants Jackson and Cothern forced him to get into a top bunk, even though he had a bottom bunk profile because he has sleep apnea and requires a C-PAP machine. Plaintiff asserts that he fell three (3) days after being forced to have a top bunk and suffered injuries to his leg and back. Plaintiff also asserts that Defendant Monroe, a nurse, and Defendant Moore, the head of the medical unit, had yet to provide treatment for his back injuries at the time he filed his Complaint. Defendants allege that Plaintiff's deliberate indifference claims fail on the merits.

AO 72A
(Rev. 8/82)

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp.2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986)), and (Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322-23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a

AO 72A
(Rev. 8/82)

light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Co., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORTY

I.  **Deliberate Indifference to Serious Medical Needs**

Defendants Monroe and Moore aver that inmates who come to the Coffee Correctional Facility are "housed in a temporary intake unit for a short period of time while they await bed space and are assessed for their medical and security needs." (Doc. No. 29, pp. 10-11). Defendants Moore and Monroe maintain that these assessments are done on an individual basis, and, accordingly, an inmate's medical profile at another prison does not carry over automatically to Coffee Correctional Facility. Defendants Moore and Monroe contend that Plaintiff ultimately received a lower bunk profile, not because he was not able to climb up to the top bunk based on medical reasons, but because it was more convenient for Plaintiff to use his C-PAP machine in a bottom bunk. Defendants Monroe and Moore also contend that there was no objective finding of Plaintiff's alleged back injury, and he presented to medical with subjective complaints of back pain nearly three (3) weeks after the alleged fall.

Plaintiff asserts that there was no reason why he could not have been assigned a bottom bunk for a week in the temporary holding unit. Plaintiff contends that he informed Defendant Monroe of his bottom bunk profile, and she did not review his files upon his arrival at Coffee Correctional.[1]

---

[1] The majority of Plaintiff's Response to Defendants' Motion pertains to his assertion that Defendant Monroe prescribed ibuprofen to him without asking whether he suffers from high blood pressure and that he should have appointed counsel. Plaintiff did not assert in his original Complaint that Defendant Monroe was deliberately indifferent to his serious medical needs based on any contention that she prescribed a medication for him, and the Court will not permit him to do so in his Response to Defendants' Motion. Likewise, should Plaintiff feel he needs counsel, he can file a separate motion seeking the appointment of counsel.

3

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon a prison official to take reasonable measures to guarantee the safety of inmates. The standard for cruel and unusual punishment, embodied in the principles expressed in Estelle v. Gamble, 429 U.S. 97, 104 (1976), is whether a prison official exhibits a deliberate indifference to the serious medical needs of an inmate. Farmer v. Brennan, 511 U.S. 825, 828 (1994). However, "not every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (quoting Estelle, 429 U.S. at 105). Rather, "an inmate must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Hill v. DeKalb Reg'l Youth Det. Ctr., 40 F.3d 1176, 1186 (11th Cir. 1994).

In order to prove a deliberate indifference claim, a prisoner must overcome three obstacles. The prisoner must: 1) "satisfy the objective component by showing that [he] had a serious medical need"; 2) "satisfy the subjective component by showing that the prison official acted with deliberate indifference to [his] serious medical need"; and 3) "show that the injury was caused by the defendant's wrongful conduct." Goebert v. Lee County, 510 F.3d 1312, 1326 (11th Cir. 2007). A medical need is serious if it "'has been diagnosed by a physician as *mandating* treatment or [is] one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention.'" Id. (quoting Hill, 40 F.3d at 1187) (emphasis supplied). As for the subjective component, the Eleventh Circuit has consistently required that "a defendant know of and disregard an excessive risk to an inmate's health and safety." Haney v. City of Cumming, 69 F.3d 1098, 1102 (11th Cir. 1995). Under the subjective prong, an inmate "must prove three

AO 72A
(Rev. 8/82)

things: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than [gross] negligence." Goebert, 510 F.3d at 1327.

Defendants Monroe and Moore submitted Affidavits in support of their position that they were not deliberately indifferent to Plaintiff's serious medical needs. Defendant Moore states in her Affidavit that Plaintiff was temporarily assigned to the transitional unit from October 26, 2010, until his placement in a regular unit on November 2, 2010. Defendant Moore declares that Plaintiff was given a bottom bunk assignment upon his placement in a regular unit and after an assessment of his medical conditions as a convenience only because medical staff determined that Plaintiff should continue using a C-PAP machine. Defendant Moore also declares that there was no medical reason why Plaintiff could not be safely assigned to a top bunk in the temporary unit. (Moore Aff., ¶ 4). Defendants Moore and Monroe state that they are not involved in temporary bed assignments, and Defendant Moore states that she did not select Plaintiff's permanent bed assignment. (Id.; Monroe Aff., ¶ 3). Defendants Moore and Monroe declare that Plaintiff made only one (1) complaint about back pain, which was three (3) weeks after his alleged fall. Plaintiff was prescribed ibuprofen for his pain and did not complain again about any back pain, which led Defendants Moore and Monroe to believe his subjective complaints of back pain had been resolved. (Moore Aff., ¶¶ 5-6; Monroe Aff., ¶ 4).

Plaintiff has submitted nothing to support his position that he had a serious medical need, that Defendants Monroe and Moore ignored a serious medical need, or that Defendants Monroe's and Moore's actions caused any alleged injury. In addition, Plaintiff has not presented any evidence which reveals that Defendants Monroe and

AO 72A
(Rev. 8/82)

Moore were responsible for bunk assignments in the temporary unit. In short, Plaintiff has failed to present evidence which creates a genuine dispute as to any material fact relating to his claim that Defendants Monroe and Moore were deliberately indifferent to a serious medical need. This portion of Defendants' Motion should be granted.

## II. Deliberate Indifference to Safety

Defendants Jackson and Cothern contend that they were assigned to monitor the temporary unit to which Plaintiff was assigned upon his arrival at Coffee Correctional Facility. Defendants Jackson and Cothern aver that they had no role in Plaintiff's unit, cell, or bunk assignments.

The Eighth Amendment's proscription against cruel and unusual punishment imposes a constitutional duty upon prison officials to take reasonable measures to guarantee the safety of prison inmates. "'To show a violation of her Eighth Amendment rights, [a p]laintiff must produce sufficient evidence of (1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation.'" Smith v. Reg'l Dir. of Fla. Dep't of Corr., 368 F. App'x 9, 14 (11th Cir. 2010) (quoting Purcell ex rel. Estate of Morgan v. Toombs County, Ga., 400 F.3d 1313,1319 (11th Cir. 2005)). "To be deliberately indifferent a prison official must know of and disregard 'an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" Id. (quoting Purcell, 400 F.3d at 1319-20). Whether a substantial risk of serious harm exists so that the Eighth Amendment might be violated involves a legal rule that takes form through its application to facts. For summary judgment purposes, all disputed facts are resolved in accord with the plaintiff's view of

6

the facts. Purcell, 400 F.3d at 1320. However, "simple negligence is not actionable under § 1983, and a plaintiff must allege a conscious or callous indifference to a prisoner's rights." Smith, 368 F. App'x at 14.

Like any deliberate indifference claim, a plaintiff must satisfy both an objective and a subjective inquiry. Chandler v. Crosby, 379 F.3d 1278, 1289-90 (11th Cir. 2004). Under the objective component, a plaintiff must prove the condition he complains of is sufficiently serious to violate the Eighth Amendment. Hudson v. McMillian, 503 U.S. 1, 8 (1992). As for the subjective component, "the prisoner must prove that the prison official acted with 'deliberate indifference.'" Miller v. King, 384 F.3d 1248, 1260-61 (11th Cir. 2004) (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). To prove deliberate indifference, the prisoner must show that prison officials "'acted with a sufficiently culpable state of mind'" with regard to the serious prison condition at issue. Id. (quoting Chandler, 379 F.3d at 1289-90).

Defendants Jackson's and Cothern's Affidavits reveal that they are correctional officers at Coffee Correctional Facility, correctional officers do not determine an inmate's bunk assignment, and that they were not informed of any medical reason why Plaintiff had to have a specific bunk. (Jackson & Cothern Affs.). In contrast, Plaintiff presents no evidence whatsoever which indicates that Defendants Jackson and Cothern were aware of a sufficiently serious condition which placed Plaintiff's health or safety at risk. This portion of Defendants' Motion should be granted.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 8th day of December, 2011.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)